**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**AT EL PASO**

| | |
|---|---|
| TERESA AUGUST, § | |
| § | |
| Plaintiff, § | CASE NO. 3:20-cv-00059 |
| § | |
| v. § | (Upon removal from the 41st Judicial |
| § | District Court, El Paso County, Texas |
| ADT INC.; and ADT L.L.C., Individually, § | Cause No. 2020dcv0528) |
| d/b/a ADT Security Systems, a/k/a ADT § | |
| Security Solutions, a/k/a ADT Security § | (JURY) |
| Services, and d/b/a Protection One, § | |
| § | |
| Defendants. § | |
| § | |

## NOTICE OF REMOVAL

Defendants ADT, Inc.[1]; and ADT LLC, d/b/a Protection One, by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, hereby file their Notice of Removal of this case from the 41st Judicial District Court, El Paso County, Texas, to this Court. The grounds for removal are as follows:

1. Teresa August ("Plaintiff") commenced a civil action by filing an Original Petition ("Petition") on or about February 11, 2020, in the 41st Judicial District Court, El Paso County, Texas, *ADT Inc., and ADT L.L.C. Individually, d/b/a ADT Security Systems a/k/a ADT Security Solutions a/k/a ADT Security Services, and d/b/a Protection One* ("State Court Action"). True and correct copies of all process and pleadings served upon or by ADT are attached hereto as **Exhibit A**, and incorporated herein by reference.

2. Plaintiff seeks to recover a money judgment for alleged damages suffered as a result of the February 16, 2018 armed robbery of the 7-Eleven convenience store located at 3400

---

[1] Plaintiff has incorrectly joined ADT, Inc., a holding company that has no business relationship with either Plaintiff or her employer (Southwest Convenience Stores, d/b/a 7-Eleven #59321).

4842-7598-2774 v1

Hondo Pass Drive, El Paso (El Paso County), TX 79904. Plaintiff makes claims against ADT, Inc. and ADT LLC for breach of contract, breach of express warranties, negligence, gross negligence, and deceptive trade practices. *See* **Ex. A**, Petition.

3.    ADT, Inc. first received notice of Plaintiff's action by receipt of a copy of the original Summons and Petition via Certified Mail on February 18, 2020.

4.    ADT LLC first received notice of Plaintiff's action by receipt of a copy of the original Summons and Petition via Certified Mail on February 18, 2020.

5.    This Notice of Removal is filed timely. This Notice of Removal is filed within thirty (30) days after receipt by ADT, Inc. and ADT LLC of the "initial pleading setting forth the claim for relief on which the aforesaid action or proceeding is based" pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

6.    Pursuant to 28 U.S.C. §§ 1332 and 1367, there is complete diversity between Plaintiff and ADT, Inc. and ADT LLC, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.    The State Court Action could have been originally filed in this Court, pursuant to 28 U.S.C. §§ 1332 and 1367, in that complete diversity of citizenship exists between Plaintiff and ADT, Inc. and ADT LLC, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court has subject matter jurisdiction over this civil action and removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441.

8.    Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Western District of Texas, at El Paso, is the district and division within which the State Court Action is pending.

## DIVERSITY OF CITIZENSHIP

9. Complete diversity of citizenship exists between Plaintiff and ADT, Inc. and ADT LLC.

10. Plaintiff is a resident and citizen of El Paso County, Texas. *See* **Exhibit A**, Petition at ¶2.01.

11. ADT, Inc. is a Delaware corporation with a principal place of business located in Boca Raton, Florida. Under 28 U.S.C. § 1332(c)(1), ADT, Inc. is therefore a citizen of Delaware and Florida. ADT, Inc. is not, and was not at the time of the filing, a citizen of the State of Texas within the meaning of the Acts of Congress relating to the removal of actions. 28 U.S.C. § 1332(c)(1).

12. ADT LLC is a limited liability company, citizenship of which is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). ADT LLC's sole member is The ADT Security Corporation, a Delaware corporation with its principal place of business located in Boca Raton, Florida. Under 28 U.S.C. § 1332(c)(1), The ADT Security Corporation is a citizen of Delaware and Florida. ADT LLC is therefore a citizen of Delaware and Florida. ADT LLC is not, and was not at the time of the filing, a citizen of the State of Texas within the meaning of the Acts of Congress relating to the removal of actions. 28 U.S.C. § 1332(c)(1).

13. As Plaintiff is a citizen of the State of Texas, and ADT, Inc. and ADT LLC are citizens of Delaware and Florida, complete diversity has been established.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14. The amount in controversy in this case exceeds $75,000.00, excluding interest and costs, pursuant to 28 U.S.C. § 1332(a).

15. Although Plaintiff affirmatively pleads her total damages are not more than $74,995.00, the Complaint's allegations show that the amount in controversy exceeds $75,000. (*See* **Ex. A**, Petition at ¶6.06). Specifically:

a) Plaintiff seeks damages for past and future medical expenses; past physical pain and suffering; past and future mental anguish; lost wages and loss of future earning capacity; and permanent disability (*See* **Ex. A**, Petition at ¶¶6.01 – 6.05).

b) Further, Plaintiff seeks compensatory damages, exemplary damages, and additional damages (*See* **Ex. A**, Petition at ¶7.01, subparts a, b, and d).

c) Plaintiff's claim for Deceptive Trade Practices (*See* **Ex. A**, Petition at ¶5.12) provides for treble damages.

d) Plaintiff additionally contradicts her $74,995.00 damages cap by pleading: "At the time of filing this lawsuit, Plaintiff seeks monetary relief of less than $100,000. Plaintiff reserves the right to amend this petition, including this provision, as the case continues." (*See* **Ex. A**, Petition at ¶1.01).

16. Based on these facts, Texas law establishes that Plaintiff's claim for damages exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). *See Gutierrez v. Allstate Texas Lloyd's*, No. EP-16-CV-315-PRM, 2017 WL 3274358, at *2 (W.D. Tex. Jan. 31, 2017). Texas federal courts recognize that punitive and treble damages may be considered for the purpose of determining the amount in controversy. *See Dow Agrosciences LLC v. Bates,* 332 F.3d 323, 326 (5th Cir. 2003) (observing "The [claimants'] original damage requests, on their face do not satisfy the $ 75,000.00 requirement; the [claimants'] actual claims, however, are substantially greater because the DTPA permits a plaintiff to recover the costs of litigation, pre-and post-judgment interest, and treble damages")

(citing Tex. Bus. & COMM. CODE ANN. § 17.05(b) (1); *Valdez v. Allstate Texas Lloyd's*, No. EP-16-CV-0346-PRM-LS, 2016 WL 9414130, at *2 (W.D. Tex. Oct. 4, 2016). *Gutierrez*, a Western District of Texas case, is instructive here. Similar to Plaintiff in this case, the *Gutierrez* plaintiffs filed a petition requesting $74,571.23 in damages, despite also seeking additional damages, such as attorneys' fees and exemplary damages. *Gutierrez v. Allstate Texas Lloyd's*, No. EP-16-CV-315-PRM, 2017 WL 3274358, at *4 (W.D. Tex. Jan. 31, 2017). After Defendants removed the action and plaintiffs filed a motion to remand, the Court found the amount in controversy at the time of removal was unambiguous and "easily" exceeded $75,000, because plaintiffs sought to treble the amount of damages under the Texas Insurance Code. *Id.* at *4-6. Like in *Gutierrez*, Plaintiff not only claims compensatory, exemplary, and additional damages, but Plaintiff brings a claim for Deceptive Trade Practices, which provides for treble damages. Thus, disregarding Plaintiff's damages-limiting allegation in her Petition, the amount in controversy easily exceeds $75,000.

17.     Plaintiff's allegation in her Petition purporting to limit her damages to $74,995 fails to change this analysis. The *Guiterrez* Court rejected this very tactic, relying on guidance from the Fifth Circuit in *De Aguilar v. Boeing Co.* 47 F.3d 1404, 1409 (5th Cir. 1995). *De Aguilar* made clear that "absent a state statute or rule prohibiting plaintiffs from recovering more than initially pleaded in their original complaint, plaintiffs must file a binding stipulation with their complaint that they will not accept a sum of damages exceeding $75,000 to avoid federal diversity jurisdiction – not an allegation within their complaint that they only seek monetary relief of less than $75,000." *Id.* at *6 (citing *De Aguilar v. Boeing Co.*,) (emphasis in original). Here, no Texas statute or rule prohibits Plaintiff from recovering more than initially pleaded, and Plaintiff, who did not file a binding stipulation with her Petition limiting her damages, has failed

to avoid federal diversity jurisdiction by pleading her damages in an amount less than $75,000. *See id.* (plaintiffs "cannot avoid removal by purporting to limit their damages in this matter").

18. Thus, Plaintiff's claim for damages exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

19. All served parties are being provided with a written notice of the filing of this Notice of Removal and a copy of this Notice of Removal is being filed with the State Court Clerk, as provided by law.

20. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

21. The allegations of this Notice are true and correct and within the jurisdiction of this Court, and this cause is removable to this Court.

22. If any question arises as to the propriety of the removal of this action, ADT respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

23. If Plaintiff seeks remand under the premise that her injuries do not exceed $75,000, ADT asks that, prior to remand, this Court order Plaintiff to stipulate that her damages do not exceed $75,000.

WHEREFORE, Defendant ADT desires to remove this case to the United States District Court for the Western District of Texas at El Paso, being the district and division of said Court for the County in which said action is pending, and prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

DATED this 9th day of March, 2020.

                                                Respectfully submitted,

                                                SHOOK, HARDY & BACON L.L.P.

By: */s/ Tanya L. Chaney*
Tanya L. Chaney
Texas Bar No. 24036375
JPMorgan Chase Tower
600 Travis Street
Suite 3400
Houston, TX 77002-2926
Telephone: 713-227-8008
Facsimile:  713-227-9508
tchaney@shb.com

*Attorneys for Defendants*
*ADT, Inc.; and*
*ADT LLC, d/b/a Protection One*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of March, 2020, the foregoing was presented to the Clerk of Court for filing, uploading, and service upon all counsel of record via the CM/ECF system, as follows:

Alexandria Kellner Zant
ZANT LAW FIRM P.C.
1444 Montana Avenue
Suite 101
El Paso, TX  79902
Telephone:  915-799-0993
Facsimile:  915-208-4545
azant@zantlawfirm.com

*Attorneys for Plaintiff*
*Teresa August*

                                                */s/ Tanya L. Chaney*
                                                Tanya L. Chaney